■ In the Matter of Gary Sciacca, Petitioner, v Michael J. Hoblock, Jr., as Chairman of the New York State Racing and Wagering Board, et al., Respondents. [843 NYS2d 585]—

Determination of respondent New York State Racing and Wagering Board dated September 24, 2004, which, to the extent appealed from, affirmed, after a hearing, the State Steward's finding that petitioner violated 9 NYCRR 4043.4, and suspended his license for 120 days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Richard F. Braun, J.], entered May 4, 2006), dismissed, without costs.

Respondent's determination that petitioner violated the "trainer responsibility rule" (9 NYCRR 4043.4) when his employees attempted to administer a mixture of bicarbonate of soda and sugar to a horse that he trained, with the intent of affecting the horse's performance in a race that day, was supported by substantial evidence (see CPLR 7803 [4]), including testimony that he "fully controlled" the actions of those employees. In light of the State's interest under 9 NYCRR 4043.4 in preventing tainted horse races and in protecting horses from the dangers of racing under the effects of analgesics or stimulants (see Matter of Casse v New York State Racing & Wagering Bd., 70 NY2d 589, 595-596 [1987]), and the rule's relation to the prohibition under 9 NYCRR 4043.3 (d) of any attempt to administer the aforementioned mixture, the trainer responsibility rule should be read to hold trainers liable for failing to guard their horses prior to races from such attempts (Casse, supra).

The 120-day suspension of petitioner's license does not shock our sense of fairness (see Matter of McGuire v Hoblock, 25 AD3d 500 [2006]). Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.